**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 21-3230

———————————

MARQUIS LEE RAYNER,
Appellant

v.

SUPERINTENDENT FOREST SCI; DISTRICT ATTORNEY CHESTER COUNTY;
ATTORNEY GENERAL PENNSYLVANIA

———————————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court No. 2-18-cv-04909)
District Judge:  Honorable John M. Gallagher

———————————

Argued December 14, 2022


Before: RESTREPO, McKEE, and SMITH, *Circuit Judges*

(Opinion filed: February 1, 2023)


Samuel C. Stretton          [**ARGUED**]
103 South High Street
P.O. Box 3231
West Chester, PA 19381
          *Counsel for Appellant*


Gerald P. Morano          [**ARGUED**]
Erik T. Waslschburger
Chester County Office of District Attorney
201 West Market Street

P.O. Box 2746
West Chester, PA 19380
            *Counsel for Appellee*

OPINION*


**McKEE**, *Circuit Judge*:

Marquis Rayner appeals the District Court's dismissal of his petition for writ of habeas corpus under 28 U.S.C. § 2254. A jury in the Court of Common Pleas, Chester County convicted Rayner of second-degree murder, and related charges. We conclude that Rayner's constitutional right to due process was violated because the evidence introduced at trial was insufficient to support a finding of guilt beyond a reasonable doubt. Accordingly, we will reverse the Order of the District Court denying habeas relief, and remand with instructions to grant the writ.[1]

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court may be granted if the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[2] "A state court decision is an unreasonable application . . . if the court 'identifies

---

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.
[1] We have appellate jurisdiction under 28 U.S.C. §§ 1291 and 2253. Our review of the District Court's decision is plenary. *Showers v. Beard*, 635 F.3d 625, 628 (3d Cir. 2011).
[2] 28 U.S.C. § 2254(d).

the correct governing legal rule from the Supreme Court's cases but unreasonably applies it to the facts of the particular case.'"[3]

The clearly established federal law governing Rayner's insufficient evidence claim is the standard set out in *Jackson v. Virginia*.[4]  Under *Jackson*, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[5] A convicted habeas petitioner is entitled to relief if the state court's adjudication denying the insufficient evidence claim was objectively unreasonable.[6]

Viewing the evidence in the light most favorable to the prosecution, and drawing all reasonable inferences from the evidence, no rational trier of fact could have found Rayner guilty of second-degree murder, robbery, burglary, or criminal conspiracy *beyond a reasonable doubt.* The Pennsylvania Superior Court's decision denying Rayner's insufficient evidence claim was an objectively unreasonable application of Pennsylvania's analogue to the *Jackson* standard.[7]

---

[3] *Jacobs v. Horn*, 395 F.3d 92, 100 (3d Cir. 2005) (quoting *Gattis v. Snyder*, 278 F.3d 222, 228 (3d Cir. 2002)).

[4] 443 U.S. 307 (1979).

[5] *Jackson*, 443 U.S. at 319. This reasonable doubt standard of proof requires the finder of fact "to reach a subjective state of *near certitude* of the guilt of the accused." *Id.* at 315 (emphasis added).

[6] *Parker v. Matthews*, 567 U.S. 37, 43 (2012) (citations omitted).

[7]  There is no dispute that the Superior Court applied Pennsylvania's equivalent of the U.S. Supreme Court's *Jackson v. Virginia* standard to Rayner's insufficiency of the evidence claim. *See Commonwealth v. Taylor*, 137 A.3d 611, 614 (Pa. Super. 2016). *See also Jacobs*, 395 F.3d at 100; *White v. Woodall*, 572 U.S. 415, 426 (2014).

Our decision *Travillion v. Superintendent Rockview SCI*[8] is conclusive here. There, we held that the petitioner was entitled to habeas relief because the only evidence "linking [him] to the crime was [his] fingerprint evidence on . . . [an] easily movable Manila folder and a paper inside the folder," . . . "plus the fact that [his] characteristics were, at best, close enough to the witness' description of the robber not to *exclude* him."[9] In finding that evidence insufficient to sustain the conviction, we reasoned that it was "objectively unreasonable for the Pennsylvania court to decide that . . . a rational juror could have found [the petitioner] guilty beyond a reasonable doubt" because "[a]ny determination that [the petitioner's] fingerprints were left on the folder and paper during the commission of the offense [wa]s unreasonably speculative."[10]

Here, there was a reasonable inference that the t-shirt found near the scene of the crime, and in proximity to a jar taken during the robbery, was the t-shirt that was worn by one of the perpetrators. Fingerprints on the jar belonged to Rayner's half-brother and co-defendant, Dominique Lee, and Rayner's DNA was on the t-shirt. While the prosecution infers from this evidence that Rayner participated in the crime with his half-brother, there was no way to determine when Rayner's DNA had been deposited on the shirt. The DNA could have been left on the t-shirt—an easily movable object—*at any time*. And in fact,

---

In addressing the sufficiency of the evidence, the Pennsylvania Superior Court summarized the evidence but failed to meaningfully address Rayner's argument that it was insufficient to establish the elements of the charged crimes. *See Commonwealth v. Rayner*, 153 A.3d 1049, 1054–56 (Pa. Super. 2016).

[8] 982 F.3d 896 (3d Cir. 2020).

[9] *Id.* at 903.

[10] *Id.* at 905–06.

the presence of at least two other DNA profiles on the t-shirt establishes that multiple people wore, or had contact with, the shirt. Moreover, there was evidence that Rayner and his half-brother, Dominique Lee, lived together.[11] As such, Lee could have easily borrowed Rayner's t-shirt sometime before the commission of the crimes. Although "the facts and circumstances need not be absolutely incompatible with defendant's innocence,"[12] a verdict of guilt cannot rest upon pure speculation. Without evidence establishing *when* Rayner's DNA was left on the t-shirt or "sufficient additional incriminating evidence, circumstantial or otherwise"[13] connecting Rayner to the scene of the crime, no rational juror could have found him guilty beyond a reasonable doubt.

For the foregoing reasons, we will reverse the Order of the District Court denying habeas relief and remand for the District Court to issue the writ and order his release on these charges.[14]

---

[11] At oral argument, the government conceded that the half-brothers lived together. During the trial, Detective Dutter testified that, after obtaining a search warrant, he went to "their house," referencing the home of Rayner and Lee. App. 557.

[12] *Commonwealth v. Sullivan*, 371 A.2d 468 (Pa. 1977).

[13] *Travillion*, 982 F.3d at 905. At oral argument, the government argued that in addition to Rayner's DNA on the t-shirt, the description of the second gunman matched the description of Rayner. The government points to Aaron Crawford's testimony that the second gunman was African American, wore a black t-shirt over his head, carried a pistol, was in his "[e]arly twenties," of "[a]verage size," and was "a little bit shorter" than Crawford, who described himself as six feet and two inches tall. App. 248. This *general* description is insufficient corroboration to establish Rayner's guilt beyond a reasonable doubt.

The government also argues that the jury may not have believed Rayner's four alibi witnesses. While a jury is free to disbelieve alibi witnesses, *U.S. v. Scheffer*, 523 U.S. 303, 312–13 (1998), "sufficient evidence [must still] support[] the verdict," *House v. Bell*, 547 U.S. 518, 538 (2006). Rank speculation cannot supply the missing link.

[14] *Travillion*, 982 F.3d at 906 (citing cases to support proposition that, where reviewing court found evidence insufficient, Double Jeopardy Clause precludes re-prosecution).